IN THE UNITED STATES DISTRICT COURT FOR THE

EASTERN DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| ALEJANDRO CHAVEZ-GUIZAR, | ) ) | No. CV-F-05-1514 OWW (No. CR-F-05-060 OWW |
| | ) ) | MEMORANDUM DECISION AND |
| Petitioner, | ) ) | ORDER DENYING PETITIONER'S MOTION TO VACATE, SET ASIDE |
| vs. | ) ) | OR CORRECT SENTENCE PURSUANT TO 28 U.S.C. § 2255 AND |
| UNITED STATES OF AMERICA, | ) ) | DIRECTING CLERK OF COURT TO ENTER JUDGMENT FOR RESPONDENT AND CLOSE THIS |
| | ) ) | CASE |
| Respondent. | ) ) ) | |

   On November 28, 2005, Petitioner Alejandro Chavez-Guizar timely filed a motion to vacate, set aside or correct sentence pursuant to 28 U.S.C. § 2255.

   Petitioner was charged with being a deported alien found in the United States, a felony, in violation of 8 U.S.C. § 1326. Petitioner pleaded guilty pursuant to a written Plea Agreement. Pursuant to the Plea Agreement, Petitioner waived his right to appeal his conviction and sentence and waived his right "to

attack collaterally his mental competence, and his plea, or his sentence, including but not limited to, filing a motion under 28 U.S.C. § 2255 ...."  Petitioner was sentenced on April 25, 2005 to 18 months incarceration and 36 months supervised release. Petitioner did not file a Notice of Appeal.

Petitioner's Section 2255 motion does not state any grounds or facts from which it may be inferred that his guilty plea was not knowing or voluntary or the result of ineffective assistance of counsel or that his conviction or sentence were unlawful or unconstitutional.  Attached to Petitioner's motion is a request that the Court reduce Petitioner's sentence so that he may rejoin his family and move them with him to Mexico.  Petitioner's motion asserts that Petitioner "would like to see my sentence reduced at your discretion."

28 U.S.C. § 2255(a) allows a federal prisoner to bring a Section 2255 motion if Petitioner claims "the right to be released upon the ground that th sentence was imposed in violation of the Constitution or the laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack." Petitioner makes no claims within the ambit of Section 2255(a) and waived his right to collaterally attack his conviction and sentence in the written Plea Agreement.

For the reasons stated:

1.  Petitioner Alejandro Chavez-Guizar's motion to vacate,

**set aside or correct sentence pursuant to 28 U.S.C. § 2255 is DENIED;**

    **2. The Clerk of the Court is directed to enter JUDGMENT FOR RESPONDENT and to close this case.**

IT IS SO ORDERED.

**Dated:   February 17, 2009**              /s/ Oliver W. Wanger
                                                      UNITED STATES DISTRICT JUDGE